UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

N. ZELLMER,
sued as Village of Hales Corners
Officer N. Zellmer Badge 2,

        Plaintiff,

v.                                      Case No. 19-cv-1419-pp

JEREMY TORRUELLA BEY,

        Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND REMANDING CASE FOR LACK OF JURISDICTION**

---

On September 27, 2019, the defendant, who is representing himself, removed from the Village of Hales Corners Municipal Court two traffic citations, dkt. no. 1-1, and filed a counter claim, dkt. no. 1. In his counterclaim, the defendant asserts that he was deprived of due process during the traffic stop that resulted in the issuance of those citations. Dkt. No. 1 at 3. He asserts that the Village of Hales Corners Municipal Court "is an unconstitutional, private corporation, not delegated by Congress, under Article III, Section 2 of the Constitution; and that the Officers does not, and did not provide 'Due Process' . . ." Id.

The defendant also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

1

## I. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

In considering whether to allow the defendant to proceed without prepaying the filing fee, the court first must decide whether the defendant is able to pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

On the Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee form, the defendant filled in only the parties' names in the heading on page one and his name, the date and his signature on page four. Dkt. No. 2. He described himself as the "counter claimant." Id. at 4. He wrote "N/A" in large letters across each page without providing any financial information. Without information about the defendant's income, expenses, assets and liabilities, the court is not able to decide whether the defendant is able to pay the filing fee.

The court has the authority to allow the defendant to amend the motion. Because the court does not have subject-matter jurisdiction over the case, however, it would be futile for the court to require the defendant to amend.

## II. Screening

Even if the defendant had demonstrated that he could not pay the filing fee, the court would have to decide whether he had raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). The defendant removed two traffic citations

2

from the Village of Hales Corner Municipal Court. Dkt. No. 1-1 at 2. Title 28, United States Code §1441 allows a defendant to remove a civil case from state court to federal court if the federal court has "original jurisdiction" over the case.

On September 26, 2019, the defendant received two traffic citations from Officer N. Zellmer: one for "NON-REGISTRATION OF AUTO, ETC" and one for "OPERATING WHILE SUSPENDED." Dkt. No. 1-1 at 1-2. The citations allege that the defendant violated Village of Hales Corners Ordinance 2.01; the citation for lack of registration references Wis. Stat. §341.01(1) and the OWS citation references Wis. Stat. §343.44(1)(a). Id.

Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. § 1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal constitution—this is called "federal question" jurisdiction. 28 U.S.C. § 1331. Federal courts cannot consider and decide lawsuits alleging violations of *state* law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The court has an independent obligation to determine whether the parties are "diverse." Thomas v. Guardsmark, LLC, 487 F.3d 531, 533 (7th Cir. 2007). For the court to have diversity jurisdiction, "the plaintiff must differ in

3

citizenship from each defendant—the rule of 'complete diversity'—in order for subject matter jurisdiction to exist under § 1332." Eichmann v. Hunter Automated Machinery, Inc., 167 F. Supp. 2d 1070, 1071-72 (E.D. Wis. 2001) (citing Vandervest v. Wis. Central, Ltd., 936 F. Supp. 601, 603 (E.D. Wis. 1996); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); and Bagdon v. Bridgestone/Firestone, Inc., 916 F.2d 379, 381 (7th Cir. 1990), cert. den., 500 U.S. 952 (1991)). The defendant states that he is from "Milwaukee, Wisconsin Territory, Wisconsin State Republic," dkt. no. 1 at 1, and the driver's license recorded on the citations lists a home address in West Allis, Wisconsin, dkt. no. 1-1 at 1. He is a citizen of Wisconsin. The court has no evidence that Officer Zellner is not also a citizen of Wisconsin. The court does not appear to have diversity jurisdiction.

For the court to have federal question jurisdiction, a federal question must be evidenced on the face of the complaint. City of Beloit v. Local 643 of Am. Fed'n of State, Cty. and Mun. Employees, AFL-CIO, 248 F.3d 650, 652 (7th Cir. 2001). The defendant's "complaint" consists of the traffic citations, which are not based on a federal statute, federal constitutional provision or federal law. While the counterclaim alleges a due process violation under the United States Constitution, "claims in a counterclaim cannot confer federal jurisdiction over a case." Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V., 391 F.3d 871, 875 (7th Cir. 2004). The court does not have federal question jurisdiction.

4

Without either diversity or a federal question, the court does not have original jurisdiction. Under 28 U.S.C. §1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The court must remand the case to the Hales Corners Municipal Court.

### III. Conclusion

The court **DENIES** the defendant's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the case is **REMANDED** to the Village of Hales Corners Municipal Court because this court lacks subject-matter jurisdiction. The clerk will enter judgment accordingly.

The court **ORDERS** that the Clerk of Court must sent a certified copy of this order of remand to the Clerk of the Village of Hales Corners Municipal Court.

Dated in Milwaukee, Wisconsin this 22nd day of March, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**